NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 27 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FATIMA CHINCHILLA-DUARTE, AKA
Evelyn Yessenia Santos-Ortiz,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 14-74032

Agency No. A206-408-881

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2023[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Fatima Chinchilla-Duarte, also known as Evelyn Yessenia Santos-Ortiz, is a

native and citizen of Guatemala. She petitions for review of the Board of

Immigration Appeals' (BIA) decision denying her application for withholding of

removal and protection under the Convention Against Torture (CAT). We have

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the BIA's holding that Chinchilla-Duarte failed to establish her entitlement to withholding of removal. The BIA found that Chinchilla-Duarte did not establish that she has a well-founded fear of persecution on account of a protected ground because her asserted particular social group— "female victims of gang violence"—is not cognizable. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1181 (9th Cir. 2021) ("'[T]he social group must exist independently of the fact of persecution' because 'the persecutors' perception is not itself enough to make a group socially distinct.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 236 n.11, 242 (BIA 2014)). Chinchilla-Duarte does not challenge this determination, and the issue is thus waived. She therefore has not shown that "any reasonable adjudicator would be compelled to conclude" that the BIA erred in denying withholding for removal. 8 U.S.C. § 1252(b)(4)(B).

2. Substantial evidence supports the BIA's holding that Chinchilla-Duarte failed to establish her entitlement to CAT protections. The agency found that Chinchilla-Duarte did not show that it was more likely than not that she would be tortured with the consent or acquiescence of the Guatemalan government. Chinchilla-Duarte reports an instance in which she was assaulted by a police officer; however, her testimony was deemed not to be credible based on several omissions, inconsistencies, and contradictions in her testimony. Substantial

2

evidence supports the IJ's determination, which cited material discrepancies in the record about Chinchilla-Duarte's background and claims. *See Tamang v. Holder*, 598 F.3d 1083, 1093–94 (9th Cir. 2010). Chinchilla-Duarte did not report the assault, and so she was unable to corroborate her testimony. She also does not claim that she was otherwise fearful of being tortured with the consent or acquiescence of the Guatemalan government. She thus has not provided an argument compelling a conclusion contrary to the agency's denial of CAT protections.

**DENIED**.